UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO LASHAWN YOUNG,

            Petitioner,

                                     Civil Action No. 13-cv-12725
vs.                                 HON. BERNARD A. FRIEDMAN

BENNY NAPOLEON,

            Respondent.

_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

      Petitioner Angelo Lashawn Young is presently incarcerated at the Wayne County Jail in

Detroit, Michigan and seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2241(c)(3).[1]  In his *pro se* application, petitioner challenges his pending prosecution in the Wayne

County Circuit Court for felony-firearm, Mich. Comp. Laws § 750.227b, and felon in possession of

a firearm, Mich. Comp. Laws § 750.224f.  For the reasons stated below, the petition for writ of

habeas corpus is dismissed without prejudice.

**I.**       **<u>Background</u>**

      On July 4, 2012, petitioner was arrested by the Detroit Police after being found in

possession of a firearm.  A preliminary examination was conducted on July 18, 2012, after which

petitioner was bound over to the Wayne County Circuit Court to stand trial.  Petitioner filed a

motion to suppress the evidence, whereupon the state court conducted a three-day evidentiary

hearing and ultimately denied the motion.  By his own admission, petitioner's criminal case remains

_____

     1  Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of
any crimes, it is proper for him to seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not
under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

pending in the Wayne County Circuit Court.  Petitioner seeks a writ of habeas corpus on the

following abbreviated grounds:

       I. Illegal search and seizure

       II. Speedy trial violation

       III.  Denial of right to effective assistance of counsel

       IV.  Violation of due process under the Fifth and Fourteenth Amendments of the
       United States Constitution

**II.**    **<u>Discussion</u>**

The instant petition must be dismissed because petitioner has yet to be convicted of any

criminal charges in this case.  In the absence of "special circumstances," federal habeas corpus

relief is not available to review the merits of an affirmative defense to a state criminal charge prior

to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review

only after a defendant has been tried, convicted, sentenced, and has pursued a direct appeal. *Allen v.

Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *see also Hoard v. State of

Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. Sep. 19, 2005).  Although federal courts have

jurisdiction to hear pre-trial habeas corpus petitions, a federal court should normally abstain from

exercising this jurisdiction if the issues raised in the petition may be resolved either by trial in the

state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State

of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).  Where a habeas petitioner's claims, if

successful, would dispose of the pending state criminal charges, the claims may be exhausted only

by presenting the issues to the state trial court.  Such claims include affirmative defenses to the

criminal charges or those which would "abort a state criminal proceeding, dismiss an indictment, or

prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).  The

practical effect of this exhaustion requirement is that habeas review is primarily unavailable prior to a state court trial. *Id.*

There are, however, several exceptions to this rule. One exception is where the impending state trial would violate the Double Jeopardy Clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008). Another exception to this rule is when a petitioner commences a habeas proceeding for the sole purpose of invoking his speedy trial rights in a pending criminal matter. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547.

Although petitioner's second claim nominally falls within this exception, the Court is unable to review his petition at this time. Speedy trial considerations may form the basis for pre-trial habeas relief only where the petitioner seeks to compel the state to bring him to trial in a timely manner. Contrary to petitioner's contention, the Court cannot grant habeas relief on speedy trial grounds when the petitioner requests an outright dismissal of the pending criminal charges. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999). Rather, the habeas action must await the conclusion of the state court proceeding. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

To the extent petitioner seeks to compel the state court to bring him to trial, his petition is premature as he has yet to exhaust his state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *see also Dillon v. Hutchinson,* 82 F. App'x 459, 461-462 (6th Cir. 2003) (holding that pre-trial habeas petitioner not entitled to relief when he failed to exhaust his IAD claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981) (stating that where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges, the district court would refrain from considering the

-3-

merits of petitioner's claims concerning those charges).  Insofar as petitioner suggests that it would be futile to exhaust his remedies in state court, petitioner's failure to pursue any of his claims in the Michigan appellate courts "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]". *Dillon,* 82 F. App'x at 462.  Because there is no indication that petitioner raised any speedy trial claim with the Michigan appellate courts this claim is unexhausted.

Consequently, the Court will deny the habeas petition without requiring respondent to answer as it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999).

The Court also declines to issue a certificate of appealability.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001) (ruling that a state prisoner seeking habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998) (holding that a pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states in pertinent part, "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In this case, the Court will deny petitioner a certificate of appealability because he has failed

Young v. Napoleon (13-12725)

to make a substantial showing of the denial of a federal constitutional right.  In other words, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 F. App'x 713, 717 (10th Cir. 2009).  The Court will also deny petitioner leave to appeal *in forma pauperis* because such an appeal would be frivolous. *Myers,* 159 F. Supp. 2d at 629.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is denied.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: _July 22, 2013_____
        Detroit, Michigan

-5-